# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOYCE ANN WOLSKI,

      **Plaintiff,**

**v.**                         **Civ. No. 08-981 JH/ACT**

**HILLARY RHODHAM CLINTON,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff Joyce Ann Wolski's application to proceed *in forma pauperis* ("IFP"), filed October 22, 2008, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214,

1217 (10ᵗʰ Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly
> support a legal claim for relief.   Rather than adjudging whether a claim is
> 'improbable,' factual allegations in a complaint must be enough to raise a right to
> relief above the speculative level.  In addition, [the Court] must construe a pro se []
> complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a

nonexistent legal interest or delusional factual scenario.  *See Neitzke v. Williams*, 490 U.S. 319,

329-30 (1989).  Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless

cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly

likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to

screen their potential claims."  *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based
> on an indisputably meritless legal theory, but also the unusual power to pierce the veil
> of the complaint's factual allegations and dismiss those claims whose factual
> contentions are clearly baseless. . . . Examples of the latter class are claims describing
> fantastic or delusional scenarios, claims with which federal district judges are all too
> familiar.

*Neitzke*, 490 U.S. at 327-28.  "[A] finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court has carefully reviewed the application and the complaint.  The Court first notes that

Wolski has not alleged facts showing that she is indigent – she reports an income of $980/month and

housing costs of $314/month and or other bills or indebtedness or dependents.  *See* Doc. 2 at 2-3.

More critically, however, Wolski's allegations are patently delusional.  Her complaint states:

> Forgery of birth certificate for myself and my daughter Nikole Hillarie O'Connor-
> Dannenbon, kidnapping of Nikole, witnessing abuse of self, my daughter & sister

Janet O'Connor, physical and emotional abuse, sexual molestation & rape, purgery, embezzelment & fraud of the USA on my behalf.

Wolski has alleged insufficient facts to state a claim that invokes federal jurisdiction under any statute and is frivolous, and the Court must therefore dismiss her complaint.

**IT IS ORDERED** that Wolski's application to proceed IFP (Doc. 2) is DENIED;

**IT IS FURTHER ORDERED** that her complaint is DISMISSED.

UNITED STATES DISTRICT JUDGE

3